UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

**CHRISTINE EMBERY DAVIS**  Case No.: 22-13479-PDR
 Chapter 13
    Debtor.
_____/

# CREDITOR CASA BELLA CONSTRUCTION CO.'S OPPOSITION TO DEBTOR'S EXPEDITED MOTION TO INVOKE THE AUTOMATIC STAY, OR IN THE ALTERNATIVE MOTION FOR CONTINUATION OF THE AUTOMATIC STAY (ECF NO. 18)

Creditor, Casa Bella Construction Co., by and through undersigned counsel, files *Creditor Casa Bella Construction Co.'s Opposition to Debtor's Expedited Motion for Continuation of the Automatic Stay, or the Alternative Motion for Continuation of the Automatic Stay (ECF No. 18)*, and as grounds therefore, Case Bella states as follows:

1. Debtor is an individual residing in Broward County, Florida.

2. Casa Bella Construction, Inc. is one of Debtor's secured creditors by virtue of a construction lien in favor of Casa Bella and against Debtor's real property located at 714 N.W. 2nd Avenue, Deerfield Beach, Florida, more particularly described as:

> Lot 27, Block 4, of COLLEGE PARK ESTATES, according to the Plat thereof as recorded in Plat Book 41 at Page 13 of the Public Records of Broward County, Florida.

(the "Property"). Attached hereto as Exhibit "A" is a copy of the *Complaint* to foreclose Casa Bella's lien, filed in the Seventeenth Judicial Circuit, in and for Broward County, Florida, which attaches to it as Exhibit "4" the *Claim of Lien* recorded on July 30, 2019. Instr. #115960532.

3. Ultimately, Casa Bella obtained an *Amended Final Default Judgment of Foreclosure* in the above-referenced state court action on November 9, 2021 (the "*Judgment*"). Attached hereto as Exhibit "B" is a copy of the *Judgment*.

4. This is Debtor's fourth chapter 13 bankruptcy, the first filed in 2017 and dismissed on December 30, 2021, Case No. 17-14139-PDR; the second filed January 3, 2022, and dismissed by order dated January 27, 2022, for failure to file the requisite schedules, statement of financial affairs, etc., Case No. 22-10018-PDR [ECF No. 12]; and the third case filed on March 5, 2022, which was dismissed on April 5, 2022, again as a result of Debtor's failure to file the requisite schedules, statement of financial affairs and other related documents, Case No. 22-11815-SMG [ECF No. 22].

5. Notwithstanding three failed attempts at reorganizing, Debtor filed this instant chapter 13 case on May 2, 2022. [ECF No. 1].

6. In connection therewith, and as a result of the impact on the automatic stay stemming from the dismissal of her prior bankruptcy cases, Debtor originally sought continuation of the automatic stay by way of *Debtor's Expedited Motion for Continuation of the Automatic Stay* filed on May 3, 2022. [ECF No. 7].

7. But at a hearing held on May 10, 2022, on Casa Bellas' motion to reopen Debtor's 2017 bankruptcy case in order to seek a declaration that the stay that arose therein did not affect Casa Bella's obtaining of the *Judgment*, Debtor's counsel in the instant case appeared. During the course of that hearing, Debtor's *Expedited Motion* was discussed, at which time, the undersigned pointed out that according to § 362(c)(4), there was no stay to continue, rather, if Debtor was to seek the benefit of the stay, she need to seek invocation thereof.

8.      As a result, Debtor amended her *Expedited Motion* and filed *Debtor's Expedited Motion for Continuation of the Automatic Stay, or the Alternative Motion for Continuation of the Automatic Stay*.  [ECF No. 18].

9.      Regardless of the fact that it is a legal impossibility to seek the alternative forms of relief - either the stay is in effect and Debtor's objective would be to seek an extension thereof, or the stay is not in effect and Debtor would need to obtain the invocation of the stay - in order to obtain an extension or imposition of the automatic stay, the Debtor must, according to § 362(c)(3) or (4), prove that the instant case was filed in "good faith as to creditors to be stayed."

10.     But Debtor has a heavy burden because there is a presumption that this case was not filed in good faith as a result of there being at least two cases pending within one year of the instant case. And the burden is on the Debtor to overcome that presumption by "clear and convincing evidence to the contrary." 11 U.S.C. § 362(c)(4)(d)(i)(I).

11.     In both her initial *Expedited Motion* and her most recent motion, Debtor asserts that she filed in good faith what is now her fourth case to be pending in the last one year because, according to Debtor, a family member is currently residing with the Debtor and providing her with support. In addition, Debtor asserts that she had irreconcilable differences with her prior bankruptcy attorney which presumably resulted in the dismissal of her prior case. *Motion* ¶ 5 at 2.

12.     In light of Debtor's history of withholding information from her prior attorneys, repeated failures to file the required documents, and her most recent failure to attend a real estate closing in connection with the sale of her home, Casa Bella takes issue with Debtor's assertion that this case was filed in good faith.

13.     As such, Casa Bella objects to the imposition of the automatic stay.

WHEREFORE, Case Bella, by and through undersigned counsel, requests that this Honorable Court sustain the objection raised herein with respect to the relief sought by Debtor in her *Expedited Motion*, and grant Case Bella any further relief this Honorable Court deems just and proper.

Dated this 13th day of May, 2022.

**LORIUM LAW**
*Attorneys for Casa Bella Construction Co.*
101 N.E. Third Avenue, Suite 1800
Fort Lauderdale, Florida 33301
Telephone: (954) 462-8000
Facsimile: (954) 462-4300

By: /s/ Jason E. Slatkin
    Jason E. Slatkin
    Florida Bar No.: 040370
    jslatkin@loriumlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the Court's CM/ECF system to the parties who receive notice by this method on this 13th day of May, 2022.

/s/ Jason E. Slatkin
Jason E. Slatkin