# EXHIBIT "A"

Filing # 96024757 E-Filed 09/20/2019 09:51:57 AM

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FL

CASE NO.: CACE 19-019538

CASA BELLA CONSTRUCTION CO.,
a Florida Corporation,

    Plaintiff,

v.

CHRISTINE DAVIS, IF LIVING AND IF DEAD, THE UNKNOWN HEIRS, DEVISEES, GRANTEES, ASSIGNEES, CREDITORS, AND ALL OTHER PARTIES CLAIMING AN INTEREST BY, THROUGH, UNDER OR AGAINST CHRISTINE DAVIS, THE UNKNOWN SPOUSE OF CHRISTINE DAVIS IF LIVING AND IF DEAD, THE UNKNOWN HEIRS, DEVISEES, GRANTEES, ASSIGNEES, CREDITORS AND ALL OTHER PARTIES CLAIMING AN INTEREST BY, THROUGH, UNDER OR AGAINST UNKNOWN SPOUSE OF CHRISTINE DAVIS, JOHN DOE, UNKNOWN TENANT #1 AND JANE DOE, UNKNOWN TENANT #2,

    Defendant.
_____/

## COMPLAINT

Plaintiff, CASA BELLA CONSTRUCTION CO., by and through its undersigned attorney, sues the Defendant, CHRISTINE DAVIS (Defendant "Davis") and says:

### GENERAL ALLEGATIONS

1. Plaintiff, CASA BELLA CONSTRUCTION CO., (Plaintiff "Contractor"), is a Florida corporation, authorized to and engaged in business in the State of Florida and having its principal place of business in Broward County, Florida.

2. Defendant, CHRISTINE DAVIS, owns real property in BROWARD County, Florida; entered into a contract in BROWARD County, Florida, and owes money in BROWARD County, Florida, is over the age of 18 and is otherwise sui juris.

3. Defendant, the UNKNOWN SPPOUSE OF CHRISTINE DAVIS, may claim some interest the in the real property in BROWARD County, Florida against which Plaintiff Contractor recorded its Claim of Lien; is over the age of 18 and is otherwise sui juris.

4. Defendant, UKNOWN TENANT #1, may claim a possessory interest in the real property in BROWARD County, Florida upon which Plaintiff Contractor filed its Claim of Lien, is over the age of 18 and is otherwise sui juris.

5. Defendant, UKNOWN TENANT #2, may claim a possessory interest in the real property in BROWARD County, Florida upon which Plaintiff Contractor filed its Claim of Lien, is over the age of 18 and is otherwise sui juris.

6. Venue is proper in BROWARD County Florida since this involves real property in BROWARD County, Florida.

7. Plaintiff Contractor retained the firm of Edward F. Holodak, P.A., and has agreed to pay it a reasonable fee for services rendered herein.

8. All conditions precedent to bringing this claim have been satisfied or waived.

## COUNT I
## LIEN FORECLOSURE

9. Plaintiff Contractor realleges the General Allegations and incorporates them herein as if pled herein specifically.

10. This is an action to foreclose a construction lien on real property.

11. Defendant Davis suffered fire damage to her home, as a result thereof needed repair work to her home.

12. On or about May 5, 2018, Defendant Davis entered into a contract with Plaintiff Contractor to do renovations, repairs and improvements to real property Defendant Davis owns, her home, identified as:

**LOT 27, BLOCK 4, OF COLLEGE PARK ESTATES, ACCORDING TO THE PLAT THEREOF, AS REORDED IN PLAT BOOK 41, AT PAGE 14 OF THE PUBLIC RECORDS OF BROWARD COUNTY, FLORIDA.**
**A/K/A 714 NW 2ND AVE., DEERFIELD BEACH, FLORIDA 33441**

(the "Property").   Copy of contract attached as Plaintiff Contractor's Exhibit #1 (the "Contract").

13. On October 18, 2018, a Notice of Commencement was recorded in Public Records of BROWARD County for the Contract work.   Copy of Notice of Commencement is attached as Plaintiff Contractor's Exhibit #2.

14. Thereafter, Plaintiff Contractor performed the services pursuant to the Contact including labor and materials.

15. Plaintiff Contractor invoiced Defendant Davis for the labor and materials.   Copy of Invoices attached as Plaintiff Contractor's Exhibit #3.

16. Defendant Davis submitted claims for insurance coverage to her insurer, from which she would receive checks to pay for the work performed by Plaintiff Contractor.

17. Despite having received $11,xxx.00 in payments from her insurer made payable to herself and Plaintiff Contractor, Defendant Davis refused or failed to make payment to Plaintiff Contractor.

18. Despite having received performance of the work, and receiving the invoices therefor, Defendant Davis failed or refused to pay Plaintiff Contractor for its work pursuant to the Contact.

19. Plaintiff Contractor last performed services or was at the Property on March 8, 2019.

20. Plaintiff Contractor properly recorded a Claim of Lien, against the Property, for money owed to it by Defendant Davis.   Copy of Claim of Lien attached hereto as

3

Plaintiff's Exhibit #4.

21. Plaintiff Contractor timely filed this action within one year after the recordation of the Claim of Lien referred to in Paragraph 18 of this Complaint.

22. Plaintiff Contractor's rights, title and interest in the Property are superior to any rights, title or interest that Defendant Unknown Spouse of Christine Davis may assert or have in the Property.

23. Plaintiff Contractor's rights, title and interest in the Property are superior to any rights, title or interest that Defendant Unknown Tenant #1 may assert or have in the Property.

24. Plaintiff Contractor's rights, title and interest in the Property are superior to any rights, title or interest that Defendant Unknown Tenant #2 may assert or have in the Property.

**WHEREFORE**, Plaintiff, Contractor requests that this Honorable Court:

a. find a lien to exists in favor of Plaintiff Contractor upon the Property for payment of the sum of $23,386.06 plus interest, court costs and attorney's fees;

b. that Defendant Davis be provided an opportunity to pay these sums within thirty (30) days from the date of the judgment;

c. that in default of payment, the Property be sold at a foreclosure sale;

d. that out of the proceeds of the sale there be paid the costs of the sale and the remainder be applied to the amount due Plaintiff Contractor so far as it will suffice and thereafter be entitled to a deficiency judgment, an award of court costs attorney fees and any other relief that this Court deems just and equitable.

## COUNT II
## BREACH OF CONTRACT

25. Plaintiff Contractor realleges the General Allegations and incorporates them herein by reference as if pled herein specifically.

26. This is a claim for damages greater than $15,000 within the jurisdiction of this Court.

27. This Court has jurisdiction over the parties and subject matter herein.

28. Plaintiff Contractor, in addition to the work performed under the Contract, entered into an oral agreement with Defendant Davis to perform change orders to the initial work.

29. The oral agreement was a modification to the Contract.

30. Pursuant to the oral modification, in addition to the Contract terms, Defendant Davis was to approve change orders, Plaintiff Contractor was to perform the change order work, and Defendant Davis was to pay, pursuant to the Contract pricing, for the change order work Plaintiff Contractor performed.

31. Plaintiff Contractor performed the services pursuant to that oral agreement.

32. Pursuant to the oral agreement, Defendant Davis was to pay Plaintiff Contractor for the change orders upon completion of the work.

33. Plaintiff Contractor completed the work pursuant to the change orders and pursuant to the request and approval of Defendant Davis or her agents.

34. Plaintiff Contractor invoiced Defendant Davis for the change orders. Copy of change order invoices attached hereto as Plaintiff Contractor's Exhibit #5.

35. Despite demand for payment, and their verbal agreement to pay for the change orders, Defendant Davis failed or refused to pay for the change orders.

WHEREFORE, Plaintiff Contractor demands Judgment against Defendant Davis for

damages, attorney fees, court costs, interest and any other relief that this Court deems just and equitable.

## COUNT III
## QUANTUM MERUIT

36. Plaintiff Contractor realleges that General Allegations and incorporates them herein by reference as if pled herein specifically.

37. This is a claim for damages greater than $15,000 within the jurisdiction of this court.

38. This court has jurisdiction over the parties and subject matter herein.

39. Plaintiff Contractor conferred a benefit on Defendant Davis by improving the Property.

40. Defendant Davis willingly and knowingly accepted the benefit conferred upon them.

41. Despite such benefit, Defendant Davis failed or refused to pay Plaintiff Contractor for its work, services and supplies.

42. It would be inequitable to allow Defendant Davis to receive the benefit form Plaintiff Contractor without paying for same.

WHEREFORE, Plaintiff Contractor demands judgment against the Defendant Davis, for damages with interest court costs and any other relief that this Court deems just and equitable.

## COUNT IV
## UNJUST ENRICHMENT

43. Plaintiff Contractor realleges the General Allegations and incorporates them herein by reference as if pled herein specifically.

44. This is a claim for damages greater than $15,000 within the jurisdiction of this

Court.

45. This Court has jurisdiction over the parties and subject matter herein.

46. Plaintiff Contractor conferred a benefit on Defendant Davis by improving the Property.

47. Defendant Davis willingly and knowingly accepted the benefit conferred upon them.

48. Despite such benefit, Defendant Davis failed or refused to pay Plaintiff Contractor for its work, services and supplies.

49. It would be inequitable to allow Defendant Davis to receive the benefit form Plaintiff Contractor without paying for same.

WHEREFORE, Plaintiff Contractor demands Judgment against Defendant Davis for damages, interest court costs and any other relief this Court deems just and equitable.

## COUNT V
## ACCOUNT STATED

50. Plaintiff Contractor realleges the General Allegations and incorporates them herein by reference as if pled herein specifically.

51. This is a claim for damages greater than $15,000 within the jurisdiction of this Court.

52. This Court has jurisdiction over the parties and subject matter herein.

53. Plaintiff Contractor and Defendant Davis has business transactions between them.

54. As a result of those transactions, Plaintiff Contractor invoiced Defendant Davis for the work properly performed.

55. Despite the parties' agreement as to the amount due from Defendant Davis to Plaintiff Contractor, Defendant Davis failed or refused to pay Plaintiff Contactor.

56. Plaintiff Contractor, as a direct and proximate cause of Defendant Davis' failure to

7

pay, Plaintiff Contractor suffered damages.

WHEREFORE, Plaintiff Contractor demands Judgment against Defendant Davis for damages, interest court costs and any other relief this Court deems just and equitable.

## COUNT VI
## CONVERSION

57. This is a claim for damages within the jurisdiction of this Court.

58. Plaintiff Contractor realleges the General Allegations and incorporates them herein by reference as if pled herein specifically.

59. This Court has jurisdiction over the parties and the subject matter herein.

60. The money Defendant Davis received from her insurance company was for the work performed by Plaintiff Contractor.

61. The payments, from the insurance company, had Plaintiff Contractor's name thereon as a co-payee.

62. Despite naming Plaintiff Contractor, on the checks as a co-payee, Defendant Davis deposited those checks and now refuses to release payment to Defendant Contractor.

63. The money, which represents the checks on which Plaintiff Contractor was a co-payee, belongs to Plaintiff Contractor.

64. Defendant Davis deposited the money into an escrow account and same can be identified and tracked.

65. Defendant Davis is asserting, wrongfully, dominion and control over Plaintiff Contractor's property.

66. Defendant Davis' control over Plaintiff Contractor's property is inconsistent with Plaintiff Contractor's ownership and entitlement thereto.

WHEREFORE, Plaintiff Contractor demands judgment for damages, interest, court

8

costs and attorney fees against Defendant Davis and any other relief this Court may deem just and necessary.

/s/ Edward F. Holodak
EDWARD F. HOLODAK, ESQ.
Attorney for Plaintiff
Florida Bar # 059234
EDWARD F. HOLODAK, P.A.
7951 SW 6th Street, Suite 210
Plantation, FL 33324
Telephone: (954) 927-3436
pleadings@holodakpa.com

# CASA BELLA CONSTRUCTION, INC

## STANDARD FORM OF AGREEMENT
## BETWEEN CONTRACTOR AND OWNER

THIS AGREEMENT made the 19th day of February in the year Two Thousand Seventeen and by and between CASA BELLA CONSTRUCTION, INC. hereinafter called the Contractor, and Christine Davis hereinafter called the OWNER, Witnesseth, that the Contractor and Owner for the considerations names agrees as follows:

### ARTICLE 1. SCOPE OT THE WORK

The contractor shall furnish all of the materials and perform all of the work shown on the Drawings and described in the Specifications entitled Proposal dated April 15 , 2017, acting as and in these Contract Documents entitled the Architect, and shall do everything required by this agreement, the general conditions of the Contract, the Specifications and the Drawings.

### ARTICLE 2. TIME OF COMPLETION

The work to be performed under this Contract shall be commenced upon insurance of deposit and shall be substantially completed 5 months from 1st inspection.

### ARTICLE 3. THE CONTRACT SUM

The Owner shall pay the Contractor for the performance of the Contract, subject to the additions and deductions provided therein, in current funds as follows: ($ 89,460.00 ) Eighty Nine Thousand Four Hundred Sixty and 00/100 Authorized Change Orders will be submitted by the Contractor for all the work not specifically included in the Contract

Exhibit # 1

## ARTICLE 4. PROGRESS PAYMENTS

DEPOSIT AMOUNT : ( $ 26,838.00 )  30%
PROGRESS PAYMENTS AS WORK IS COMPLETED.
FINAL PAYMENT OF 5 % ( $ 4,323.00 ) TO BE MADE UPON COMPLETION OF FINAL INSPECTION.

## ARTICLE 5. ACCEPTANCE AND FINAL PAYMENT

Final payment shall be due five (5) days after substantial completion of the work provided the work be then fully completed and the contract fully performed.

## ARTICLE 6. THE CONTRACT DOCUMENTS

The General Condition of the Contract, the Specifications and the Drawings, together with this Agreement, for the Contract, and they are as fully part of the Contract as if hereto attached or herein repeated. The following is an itemization of the other essential pertinent information:

PLEASE SEE PROPOSAL DATED APRIL 15 , 2017
PLEASE SEE PLANS DRAWN BY MR ENGINEERING
ALL CONSTRUCTION DEBRIS TO BE REMOVED BY CONTRACTOR
LEFT BROOM SWEPT.


_____
CASA BELLA CONSTRUCTION, INC
GARY GIL

_____
CHRISTINE DAVIS

# CASA BELLA CONSTRUCTION, INC.

License # CRC012470

LIZZIE EMBRAY  
714 N.W. 2ND AVENUE  
DEERFEILD BEACH FL. 33441

APRIL 15, 2017

RE: POLICY # 01351396-1  
    CLAIM # 001-00-081952

## PROPOSAL / CONTRACT

CASA BELLA CONSTRUCTION INC. SHALL FURNISH ALL LABOR AND MATERIALS TO COMPLETE THE REPAIRS AS PER ESTIMATE PROVIDED BY APEX ESTIMATING INC.

CONTRACTOR SHALL FURNISH ALL ARCHITECTURAL DRAWINGS AND PERMITS TO COMPLETE THE PROJECT.

**NOT INCLUDED IN THIS PROPOSAL :**

ALL APPLIANCES  
PERMIT FEES  
ARCHITECTURAL FEES

**PAYMENTS AS FOLLOWS :**

DEPOSIT AMOUNT 30% ( $ 26,838.00 )  
PROGRESS DRAWS AS WORK IS COMPLETED  
FINAL PAYMENT 10% ( $ 8,946.00 ) UPON FINAL INSPECTION

**FOR THE SUM OF : ( $ 89,460.00 ) EIGHTY NINE THOUSAND FOUR HUNDRED SIXTY AND 00/100.**

SINCERELY

GARY GIL  
CASA BELLA CONST.

LIZZIE EMBRAY  
OWNER

1314 E LAS OLAS BLVD SUITE 629  
FT. LAUDERDALE, FL • 33301  
PHONE: 954-579-1192 • FAX: 954-735-9654

AFTER RECORDING – RETURN TO:

PERMIT NUMBER:

## NOTICE OF COMMENCEMENT

The undersigned hereby given notice that improvement will be made to certain real property, and in accordance with Chapter 713, Florida Statues the following information is provided in the Notice of Commencement.

1. **DESCRIPTION OF PROPERTY** (Legal description & street address, if available) TAX FOLIO NO.: _____
SUBDIVISION **College Estates** BLOCK **4** TRACT ____ LOT **27** BLDG ____ UNIT ____
**714 NW 2 Ave, Deerfield Bch FL 33441**

2. **GENERAL DESCRIPTION OF IMPROVEMENT:** **Fire Damage Repairs**

3. **OWNER INFORMATION:** a. Name **Christine Davis**
b. Address **714 NW 2 Ave Deerfield Bch 33441** c. Interest in property _____
d. Name and address of fee simple titleholder (if other than Owner) _____

4. **CONTRACTOR'S NAME, ADDRESS AND PHONE NUMBER:** **Casa Bella Const**
**1314 E. Las Olas Blvd, Fort Lauderdale FL 33301 #629**

5. **SURETY'S NAME, ADDRESS AND PHONE NUMBER AND BOND AMOUNT:**

6. **LENDER'S NAME, ADDRESS AND PHONE NUMBER:**

7. Persons within the State of Florida designated by Owner upon whom notices or other documents may be served as provided by Section 713.13 (1) (a) 7., Florida Statutes:
NAME, ADDRESS AND PHONE NUMBER: **#629**
**Casa Bella Const. 1314 E. Las Olas Blvd Ft Laud 33301**

8. In addition to himself or herself, Owner designates the following to receive a copy of the Lienor's Notice as provided in Section 713.13 (1) (b), Florida Statutes:
NAME, ADDRESS AND PHONE NUMBER:

9. Expiration date of notice of commencement (the expiration date is 1 year from the date of recording unless a different date is specified): _____, 20____

WARNING TO OWNER: ANY PAYMENTS MADE BY THE OWNER AFTER THE EXPIRATION OF THE NOTICE OF COMMENCEMENT ARE CONSIDERED IMPROPER PAYMENTS UNDER CHAPTER 713, PART I, SECTION 713.13, FLORIDA STATUTES, AND CAN RESULT IN YOUR PAYING TWICE FOR IMPROVEMENTS TO YOUR PROPERTY. A NOTICE OF COMMENCEMENT MUST BE RECORDED AND POSTED ON THE JOB SITE BEFORE THE FIRST INSPECTION. IF YOU INTEND TO OBTAIN FINANCING, CONSULT WITH YOUR LENDER OR AN ATTORNEY BEFORE COMMENCING WORK OR RECORDING YOUR NOTICE OF COMMENCEMENT.

_Christine Davis_
**Signature of Owner or**
**Owner's Authorized Officer/Director/Partner/Manager**

_____
**Print Name and Provide Signatory's Title/Office**

State of Florida
County of Broward

Exhibit 2

12-11001

# CASA BELLA CONSTRUCTION, INC.

License # CRC012470

CHRISTINE DAVIS  
714 N.W. 2ND AVE  
DEERFEILD BEACH FL.

MAY 08 , 2019

STATEMENT /FINAL INVOICE

| | |
|---|---|
| **CONTRACT AMOUNT :** | $ 89,460.00 |
| | |
| PAYMENTS RECEIVED : | |
| DEPOSIT  AUG 22, 2017 | $ 10,000,00 |
| DRAW # 1  NOV 02, 2017 | $ 45,980.26 |
| DRAW # 2  NOV 26, 2018 | $ 30,742.22 |
| **TOTAL RECEVED TO DATE :** | $ 86,722.48 |
| | |
| **BALANCE DUE :** | $   2,737.52 |
| | |
| **EXTRAS & ITEMS NOT ON CONTRACT :** | |
| PERMIT FEES | $   2,001.92 |
| ARCHCHITECTURAL PLANS | $   5,000.00 |
| GRANITE TOPS | $   2,800.00 |
| WATER BILL /TURN ON WATER | $      539.18 |
| REPLACE & REPAIR WINDOWS | $   5,100.00 |
| APPLIANCES | $   3,200.68 |
| WASHER & DRYER | $   1,131.76 |
| PLUMBING REPAIR (KITCHEN SINK ) | $      875.00 |
| **TOTAL** | $ 20,648.54 |
| **CONTRACT BALANCE** | $   2,737.52 |
| | |
| **TOTAL AMOUNT DUE :** | $ 23,386.06 |

1314 E LAS OLAS BLVD SUITE 629  
FT. LAUDERDALE, FL • 33301  
PHONE: 954-579-1192 • FAX: 954-735-9654

Exhibit 3

Loan # 1211001

**CLAIM OF LIEN** — RAMCO FORM 120½
FL. LIEN CONSTRUCTION LIEN LAW, 713.18

Return to: (enclose self-addressed stamped envelope)

Name:
Address:

This Instrument Prepared by:
Name: Casa Bella Const.
Address: 1314 E Las olas Blvd # 629
Ft Lauderdale FL 33301

Property Appraisers Parcel Identification
Folio Number(s):

---

SPACE ABOVE THIS LINE FOR PROCESSING DATA — SPACE ABOVE THIS LINE FOR RECORDING DATA

## Claim of Lien

STATE OF Florida
COUNTY OF Broward

Before me, the undersigned Notary Public, personally appeared **Gary Gil**
who was duly sworn and says that he is (the lienor herein) (the agent of the lienor herein) _____ (DELETE ONE)
**Casa Bella Construction** (Lienor's Name)
whose address is **1314 E. Las olas Blvd # 629 Ft Lauderdale FL 33301**, (Lienor's Address)
and that in accordance with a contract with **Christine Davis**
**714 NW 2 Ave, Deerfeild Bch FL 33441**,
lienor furnished labor, services or materials consisting of: (Describe specially fabricated materials separately)
**Fire Damage Repairs**

on the following described real property in **Broward** County, State of **Florida**.
(Describe real property sufficiently for identification, including street and number, if known)
**714 NW 2 Ave, Deerfeild Bch FL 33441**
**Lot #27, Block #4 College Park Estates**
**Plat Book 41, Page 14 of the Public records of**
**Broward County, Florida**
owned by **Christine Davis**
of a total value of **Eighty nine thousand our hundred Sixty** Dollars ($ **89,460.00**)
of which there remains unpaid $ **23,386.06**, and furnished the first of the items on
**Sept 22 2017** and the last of the items on **June 05 2019**, and (if the lien
is claimed by one not in privity with the owner) that the lienor served his notice to owner on
_____, by **Posted on Site with Permit** (Method of Service)
and; (if required) that the lienor served copies of the notice on the contractor on _____, _____,
by _____, and on the subcontractor, _____,
on _____, by _____.
(Method of Service)

Notary Public State of Florida
Lisa Guarino
My Commission GG 080917
Expires 03/08/2021

Lienor Signature
**Gary Gil**
Printed Name
By _____
Agent Signature
_____
Printed Name

STATE OF **Florida**
COUNTY OF **Broward**
Sworn to and subscribed before me this **30th** day of **July**, **2019**. (Check one:) ☒ Affiant is personally
known to me. ☐ Affiant provided the following type of identification: _____

NOTARY RUBBER STAMP SEAL

Notary Signature **Lisa Guarino**
Printed Name **LISA GUARINO**

07/23/99

---



I hereby certify this document to be a true, correct and complete copy of the record filed in my office.
Dated this 30 day of July, 2019 County Administrator.
By _____
Deputy Clerk

Exhibit Y

12-11001

# CASA BELLA CONSTRUCTION, INC.

License # CRC012470

CHRISTINE DAVIS                                        MAY 08 , 2019
714 N.W. 2ND AVE
DEERFEILD BEACH FL.

### STATEMENT / FINAL INVOICE

| | |
|---|---|
| **CONTRACT AMOUNT :** | $ 89,460.00 |
| | |
| PAYMENTS RECEIVED : | |
| DEPOSIT  AUG 22, 2017 | $ 10,000.00 |
| DRAW # 1  NOV 02, 2017 | $ 45,980.26 |
| DRAW # 2  NOV 26, 2018 | $ 30,742.22 |
| **TOTAL RECEVED TO DATE :** | $ 86,722.48 |
| | |
| **BALANCE DUE :** | $   2,737.52 |
| | |
| **EXTRAS & ITEMS NOT ON CONTRACT :** | |
| PERMIT FEES | $   2,001.92 |
| ARCHCHITECTURAL PLANS | $   5,000.00 |
| GRANITE TOPS | $   2,800.00 |
| WATER BILL /TURN ON WATER | $      539.18 |
| REPLACE & REPAIR WINDOWS | $   5,100.00 |
| APPLIANCES | $   3,200.68 |
| WASHER & DRYER | $   1,131.76 |
| PLUMBING REPAIR (KITCHEN SINK ) | $      875.00 |
| **TOTAL** | $ 20,648.54 |
| **CONTRACT BALANCE** | $   2,737.52 |
| | |
| **TOTAL AMOUNT DUE :** | $ 23,386.06 |

1314 E LAS OLAS BLVD SUITE 629
FT. LAUDERDALE, FL • 33301
PHONE: 954-579-1192 • FAX: 954-735-9654

Exhibits